IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL BLACKSHIRE | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:20-cv-1512 |
| v. | § | |
| | § | JURY |
| LEADERSHIP EDUCATION | § | |
| FOUNDATION d/b/a ARROW | § | |
| ACADEMY | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, MICHAEL BLACKSHIRE ("Blackshire" or "Plaintiff"), Plaintiff in the above styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of LEADERSHIP EDUCATION FOUNDATION d/b/a ARROW ACADEMY ("Arrow" or "Defendant"), and for cause of action, would show as follows:

### I. INTRODUCTION

1. This action seeks back pay, front pay, compensatory damages, punitive/liquidated damages, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for disability discrimination suffered by Blackshire in the course of his employment with Defendant. Blackshire seeks damages for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. Blackshire demands a jury on all issues triable to a jury.

### II. PARTIES

2. Blackshire is a citizen of the United States and is currently a resident of College Station, Texas.

3. Defendant Arrow is a Texas nonprofit foundation with its principal office located at 1003 Hemingway Drive, College Station, Texas 77845. Defendant may be served with summons by serving its registered agent, David Shellenberger, at 401 College View Drive, Bryan, TX 77801.

### III. JURISDICTION AND VENUE

4. This action is brought under the Americans with Disabilities Act as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, et seq. (ADA).

5. The unlawful employment practices were being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division, as all of the acts and conduct charged herein occurred in this District. Specifically, at Harvest Preparatory Academy located at 17770 Imperial Valley Drive, Houston, Harris County, Texas 77060. *See* 28 U.S.C. § 1391(b)(2).

6. This Court has jurisdiction over all claims in this action. *See* 28 U.S.C. § 1331.

### IV. PROCEDURAL REQUISITES

7. Blackshire filed a Charge of Discrimination (the "Charge") against Defendant under Charge Number 460-2019-06079 with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about November 5, 2019. In his Charge, Blackshire asserted that Defendant discriminated against him because of his disability or perceived disability when they terminated his employment after he informed them he had been diagnosed with cancer. The EEOC issued a Dismissal and Notice of Rights letter on February 28, 2020, entitling Blackshire to file an action in this Court. *See* Exhibit 1.

8. The filing of this lawsuit has been accomplished within ninety (90) days of Blackshire's receipt of the Dismissal and Notice of Rights letter.

9.     All conditions precedent including administrative prerequisites to filing this complaint have been met.

## V. FACTS

10.    Blackshire was hired by Arrow in June of 2015 to work as a school principal. His original work location was at the Save our Streets Center in Bryan, Texas.

11.    In 2016, Blackshire transferred to the Harvest Preparatory Academy located in Houston, Texas.

12.    Both schools, Save Our Streets and Harvest, are operated by Defendant.

13.    At all times applicable hereto, Blackshire was fully qualified to perform the job of principal.

14.    Blackshire enjoyed an exemplary performance record while employed by Defendant and was respected by his teachers.

15.    In May of 2019, after consulting with his doctor, Blackshire received the devastating news that he was suffering from cancer.

16.    Cancer can qualify as a disability under the ADA because it substantially limits one or more major life activities of an individual. *See* 42 U.S.C. § 12102(1)(A). Blackshire was informed by his doctor that he would require treatment.

17.    Blackshire informed his immediate supervisor, Superintendent Jim Christensen, of the diagnosis in late May or early June 2019. Blackshire stated that he believed the cancer diagnosis would not impact his work because the school year was almost done.

18.    After disclosing his diagnosis, Blackshire noticed an immediate change in the attitude expressed toward him by the school administration and Christensen.

19. Both Christensen and Executive Director Audrey Sanders openly expressed concern about Blackshire's ability to maintain his "energy level."

20. Blackshire also heard from school staff that his cancer diagnosis, something that should have been treated as confidential, was being openly discussed at the school.

21. Only three weeks after Blackshire disclosed his cancer diagnosis to the Superintendent, his employment was terminated without warning.

22. Blackshire later learned that the school administration was telling teachers that Blackshire would not return to work because of health concerns.

23. At no time did Blackshire resign or intend to resign. In fact, his made his plan to stay employed known to Christensen.

24. The loss of Blackshire's job meant the loss of his health insurance benefits which caused Blackshire significant fear and mental anguish about his ability to obtain cancer treatment.

25. Blackshire has suffered tremendous harm because of Defendant's actions including economic loss (back and front pay), mental anguish, and loss of past and future benefits. Blackshire will also incur attorneys' fees, expert witness fees, and costs in connection with this litigation.

## VI. DISABILITY DISCRIMINATION UNDER THE ADA/ADAAA

26. Blackshire incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

27. Defendant discriminated against Blackshire in violation of the ADA as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADA" or "ADAAA") when they terminated his employment because of his actual or perceived disability.

28. Blackshire was qualified to perform his job.

29. Defendant perceived or regarded Blackshire as being disabled, even though he could perform the essential functions of his job, with or without reasonable accommodation.

30. Defendant's termination of Blackshire's employment, subjecting Blackshire to different terms and conditions of employment constitute disability discrimination under the ADAAA, 42 U.S.C. § 12101, et seq. Employees who were not disabled or regarded as disabled were treated more fairly and not terminated.

31. As a result of Defendant's discriminatory actions, Blackshire has suffered lost wages in the past and future, loss of future earning capacity, emotional pain and suffering, and mental anguish, all of which were caused by Defendant's treatment of Blackshire. In all probability, Blackshire will continue to suffer such damages in the future.

32. Further, Defendant acted with malice or, in the alternative, with reckless indifference to the state and federally protected rights of the Blackshire.

## VII. DAMAGES

33. As a result of Defendant's conduct, Blackshire seeks the following relief: (1) back pay, including, but not limited to, his salary, bonuses, and benefits; (2) reinstatement, or if reinstatement is deemed not feasible, front pay, including, but not limited to, his salary, bonuses, and benefits; (3) costs of court, expert witness fees, and attorneys' fees; (4) damages for mental anguish and emotional distress in the past and future; (5) liquidated and/or punitive damages; and (6) other compensatory damages.

34. Additionally, since Defendant's actions were committed maliciously, willfully, or with reckless indifference to Blackshire's state and federally protected rights, Blackshire is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendant and others similarly situated from this conduct in the future.

## VIII. JURY DEMAND

35.     Blackshire requests a trial by jury on issues triable by a jury in this case.

## IX. PRAYER

WHEREFORE, Plaintiff respectfully prays that upon final trial hereof, this Court grant him appropriate back pay, including, but not limited to, his salary, bonuses, and benefits; front pay, including his salary, bonuses, and benefits; mental anguish and emotional distress in the past and the future; compensatory damages; punitive and/or liquidated damages as allowed by law; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

Dated:  April 29, 2020

>Respectfully submitted,
>
>THE VERDE LAW FIRM, PLLC
>
>/s/ Joshua A. Verde
>Joshua A. Verde
>attorney-in-charge
>State Bar No. 24077590
>Fed ID No. 1760723
>4600 Highway 6 North, Suite 320
>Houston, TX 77084
>Phone: 713-909-4347
>Fax: 713-588-2431
>josh@verde-law.com
>
>ATTORNEY FOR PLAINTIFF
>MICHAEL BLACKSHIRE